IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JONATHAN BLEVINS,

    Plaintiff,

vs.

FIDDLESTICKS COUNTRY CLUB, INC.,

    Defendant.

Case No.:

## COMPLAINT UNDER FAIR LABOR STANDARDS ACT AND DEMAND FOR JURY TRIAL

Plaintiff, JONATHAN BLEVINS ("Plaintiff") sues Defendant, FIDDLESTICKS COUNTRY CLUB, INC., ("Defendant"), and states:

### NATURE OF ACTION

1. Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*("FLSA").

2. Plaintiff alleges Defendant violated 29 U.S.C. § 207 of the FLSA by failing to pay Plaintiff all overtime wages owed. Specifically, beginning on or around October 30, 2024, Defendant hired Plaintiff as a lead mechanic/equipment manager and compensated him on a salary basis. Defendant, however, did not pay Plaintiff overtime compensation for hours over 40 in a workweek. Defendant misclassified Plaintiff as "exempt," although Plaintiff's primary duties did not involve the management of the enterprise or the exercise of discretion and independent judgment on matters of significance. Plaintiff routinely worked more than forty (40) hours per

week and was not paid time-and-one-half his regular rate of pay for those overtime hours.

## PARTIES

3. Plaintiff is a resident of Lee County, Florida, in the Middle District of Florida. From around October 2024 until October 3, 2025, Plaintiff was employed by Defendant as a lead mechanic.

4. Defendant is a Florida nonprofit corporation with its principal place of business at 15391 Canongate Drive, Fort Myers, FL 33912 where it employed Plaintiff.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the FLSA.

6. The Middle District of Florida, Fort Myers Division, is the proper venue because Defendant employed Plaintiff in this venue and the cause of action accrued in this venue.

## FLSA COVERAGE

**I.  Enterprise Coverage**

7. At all times material to this action, Defendant was Plaintiff's "employer," and Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material, Defendant employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

9. At all times material, Defendant had gross sales volume of at least $500,000 annually.

10. At all times material, Defendant was an "enterprise engaged in commerce" within the meaning of the FLSA.

**II.  Individual Coverage**

11. At all times material hereto, Plaintiff was "engaged in commerce" and was subject to individual coverage under the FLSA.

12. At all times material hereto, the work performed by the Plaintiff was essential to the business conducted by Defendant.

13. The products and materials that Plaintiff used on a regular and recurrent basis, which were supplied to him by Defendant to use on the job, moved through interstate commerce.

14. To further Defendant's business purpose, Plaintiff regularly communicated with out-of-state customers, prospective customers, vendors, and suppliers.

**FACTS**

15. Defendant is a residential community and private country club located in Fort Myers, Florida.

16. Defendant operates through its Board of Directors, who in turn designate a General Manager to oversee the operations of the club and its workforce of more than 100 employees.

17. Among other amenities, Defendant offers members of the country club tennis and pickleball facilities and a 36-hole golf course.

18. In October 2024 Plaintiff was hired by Defendant as a lead mechanic.

19. As a lead mechanic/equipment manager, Plaintiff was responsible for performing maintenance on equipment, including mowers, tractors, utility vehicles, sprayers, aerators and other heavy/landscape equipment. Plaintiff also occasionally performed maintenance of the golf course and grounds.

20. Plaintiff consistently worked from 4:30am to approximately 4:30pm on Mondays; 4:30am to 3:30 pm on Tuesdays and Wednesdays; 4:30am to 11:30am on Thursdays; 4:30am to 10:00am on Fridays; and 4:30am to 9:30am on Saturdays and Sundays (approximately 55 hours per week). Depending on the workweek, these hours fluctuated higher, but typically not lower.

21. From October 2024 until October 3, 2025, Defendant paid Plaintiff on a salary basis.

22. Defendant did not pay Plaintiff overtime wages.

23. On or about Plaintiff's first day of employment, Plaintiff asked his supervisor Bryce Koch about being compensated for his overtime hours. Mr. Koch responded that if any employee worked more than 45 hours in a week, it would be considered a problem.

## STATEMENT OF CLAIM

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

24. All previous paragraphs are incorporated as though fully set forth herein.

25. Plaintiff worked more than forty (40) hours in one or more workweeks.

26. From October 2024 through October 3, 2025, Defendant failed or refused to compensate Plaintiff overtime wages calculated 1.5 times the regular rate for all hours worked.

27. Defendant violated 29 U.S.C. § 207 of the FLSA by failing to pay overtime wages to Plaintiff.

28. Defendant's actions in failing to pay Plaintiff unpaid overtime were unreasonable, willful, and in bad faith. Defendant failed to undertake any examination of the lawfulness of its pay practices with respect to Plaintiff and otherwise showed a reckless disregard about whether it was. When Plaintiff inquired about his overtime compensation, Defendant responded that it was his problem if he was working more than 45 hours per week.

29. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks unpaid overtime compensation plus liquidated damages in an equal amount.

WHEREFORE, Plaintiff respectfully requests the following relief on behalf of himself and those similarly situated service technicians:

    a. A declaration that Defendant has violated the overtime provisions of 29 U.S.C. § 207;

    b. Unpaid overtime wages;

    c.    Liquidated damages;

    d.    Attorney fees and costs pursuant to 29 U.S.C. § 216(b);

    e.    Any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: October 22, 2025

        /s/ Jason L. Gunter
        Jason L. Gunter
        Fla. Bar No. 0134694
        Email: Jason@GunterFirm.com
        Conor P. Foley
        Fla. Bar No. 111977
        Email: Conor@GunterFirm.com
        Peter M. Jennings
        Fla. Bar No. 1054512
        Email: Peter@GunterFirm.com

        **GUNTERFIRM**
        2165 W. First St., #104
        Fort Myers, FL 33901
        Tel: 239.334.7017